UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DUNG TRAN

       Petitioners,

v.                                                              Case No. 2:26-cv-593-JES-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH, et al.,

       Respondents.

_____/

## OPINION AND ORDER

Petitioner Dung Tran initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). At the Court's direction, the government filed a response to the petition, arguing among other things, that Tran's detention was lawful as he had not yet been detained in excess of 180 days when he filed his petition. (Doc. 3 at 3-7). On May 13, 2026, the Court directed the government to file supplemental briefing because, by then, Tran had been detained for 182 days. (Doc. 8).

On May 14, 2026, the government informed the Court that "Federal Respondents are unable to establish a significant likelihood of [Tran's] removal in the reasonably foreseeable future. Further, Federal Respondents do not oppose his release under appropriate conditions of supervision to be determined by ICE." (Doc. 9). Accordingly, for the reasons set forth in this Order, Tran's petition is granted.

## I.   Background

Tran is a native and citizen of Vietnam who was ordered removed from the United States on August 12, 1998.  (Doc. 3 at 1). Tran's appeal of the removal order to the Board of Immigration Appeals was dismissed on March 16, 1999.  (Id.)  At some point, Tran was released from immigration custody under an order of supervision, but he was re-detained on November 12, 2025.  (Id.)

## II.   Discussion[1]

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  Singh v. U.S. Attorney Gen., 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).

In Zadvydas v. Davis, the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. 680, 700-01 (2001). So, "for the sake of uniform administration in the federal courts," Zadvydas established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  Id. at 701.

---

[1] In their first response, Respondents argued that the Court lacks jurisdiction to consider this petition. (Doc. 3 at 4).  The Court rejected identical jurisdiction arguments in Omar Mauso Lasso v. South Florida Detention Facility, No. 2:26-cv-918-JES-NPM, 2026 WL 1251678 (M.D. Fla. May 7, 2026) and Jerez Castillo v. Noem, No. 2:26-cv-550-JES-DNF, 2026 WL 1145792 (M.D. Fla. Apr. 28, 2026).  The Court's reasoning in those cases also applies here.

If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise.  Id.

Respondents agree that Tran has been in immigration custody for more than 180 days and that his removal is unlikely to occur in the reasonably foreseeable future.  (Doc. 9).  Thus, he is entitled to release from detention, but he remains subject to the terms of an order of supervision.  If Tran fails to comply with the conditions of release, he may be subject to criminal penalties—including further detention.  See 8 U.S.C. § 1253(b); Zadvydas, 533 U.S. at 695("[W]e nowhere deny the right of Congress ... to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions").

If removal becomes likely in the reasonably foreseeable future, ICE can re-detain Tran to "assur[e] [his] presence at the moment of removal."  Zadvydas, 533 U.S. at 680.

Accordingly, it is hereby **ORDERED**:

1.   Dung Tran's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

2.   Respondents shall release Tran within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by allowing him telephone access to notify

counsel and his family of when and where he can be collected.

3.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 18, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4